UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN JUSTIN PICKARD, et al.,<br><br>Defendants. | No. 2:11-cr-449 KJM<br><br><br><br>ORDER |

The court held a pre-evidentiary hearing in this matter on September 4, 2014. At the hearing, the court discussed the pending *motions in limine* (ECF Nos. 329, 332, 333, 335), and set a date for the evidentiary hearing.

As to the pending *motions in limine*, the court rules as follows.

<u>Dr. Bertha Madras</u>

As to defendants' motion to exclude certain parts of the testimony of the government's expert witness Dr. Bertha Madras (ECF No. 329), the court overrules defendants' objections. Defendants' motion is based on the Supreme Court case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 584 (1993). Because the *Daubert* analysis is especially flexible when the finder of fact is a judge rather than a jury, and the gatekeeper and the gated community are one and the same in such a case, the court finds defendants' arguments about Dr. Madras's qualifications unpersuasive. *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)

("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."). Based on the totality of Dr. Madras's experience and knowledge, Dr. Madras is qualified to provide expert testimony on the topics for which the government has offered her testimony. As the court noted at the hearing, if defendants believe Dr. Madras exceeds the scope of her qualifications at any time during the evidentiary hearing, they may renew their objections then.

### Christopher Conrad

As to the government's motion to exclude the testimony of defendants' expert witness Christopher Conrad (ECF No. 332), the court rules as follows. The court partially overrules plaintiff's objections to paragraphs 1 through 5 of Mr. Conrad's declaration. (*Id*. at 5). Specifically, paragraph 1 includes information about the chemistry and techniques for reproducing the cannabis plant and its derivatives. Because Mr. Conrad is offered as an expert in the cultivation techniques of cannabis for medicinal use, his testimony will be limited to such matters only. The court also partially overrules plaintiff's objections to paragraphs 8 through 9. (*Id*.) Specifically, because the second sentence of paragraph 9 includes information about the improved quality controls of medicinal cannabis and efforts to provide a medicine of uniform quality, the court will allow this testimony to come in. The remaining portion of paragraph 9, stating there is a reduced incentive for gangs to be involved in distributing cannabis, is excluded as irrelevant. The court sustains plaintiff's objections with respect to paragraphs 2 through 8, 10 and 11, and the first sentence of paragraph 9. (*Id*.) These portions of Mr. Conrad's testimony will be excluded because they are irrelevant to the limited scope of the evidentiary hearing or are outside the scope of Mr. Conrad's expertise.

### Sgt. Begin and Jennie Stormes

As to the government's motion to exclude the testimony of defendants' witnesses Sergeant Ryan D. Begin and Jennie Stormes (ECF No. 333), the court accepts their declaration testimony as percipient witnesses about their use of marijuana for medicinal purposes. Sgt. Begin is permitted to describe his injuries, the basis for the injuries for which he is seeking treatment, and his experiences with different treatments for his injuries. He is also permitted to name the

diagnosis that his doctors gave him.  Ms. Stormes' testimony regarding the diagnosis doctors gave her son and her observations of her son's symptoms and reactions to different treatments is accepted.  Because the government will not cross examine either Sgt. Begin or Ms. Stormes, their declarations stand as their direct testimony; they will not appear at the hearing to testify.

### Dr. James J. Nolan

As to the government's motion to exclude Dr. James J. Nolan's testimony (ECF No. 335), the court grants the government's motion.  Defendants' filing stands as an offer of proof of Dr. Nolan's proffered testimony.

### Philip A. Denney, M.D., Carl L. Hart, Ph.D., Gregory T. Carter, M.D.

The government has not challenged preliminarily the testimony of Drs. Philip A. Denney (ECF No. 312), Carl L. Hart (ECF No. 313), and Gregory T. Carter (ECF No. 310). Their declarations will stand as their direct testimony.  Mr. Carter will be allowed to testify via video monitor if necessary to accommodate his appearance.  The hearing will proceed with these witnesses' cross-examinations and redirect.

### Hearing Date

The court sets the evidentiary hearing for October 27, 2014 at 9:00 a.m.  The evidentiary hearing is estimated to last for three days.  If the criminal trial scheduled for that week is confirmed, the criminal trial will take precedence.

IT IS SO ORDERED.

DATED: September 15, 2014.

_____
UNITED STATES DISTRICT JUDGE